JOHN H. POULTNEY, RESPONDENT, *v.* LEWIS W. BACHMAN, TREASURER, ETC., APPELLANT.

*Order of Odd Fellows— "benefits" for sick members — right of the society to alter and amend its by-laws — when a member must first resort to the tribunals of the society for redress — conclusiveness of the decision of the tribunals of the society.*

In 1849 the plaintiff became, and he ever since has been, a member of Hudson City Lodge of Odd Fellows. The constitution and by-laws, which were signed by the plaintiff, provided that during the sickness of a member, qualified to receive sick "benefits," he should receive (if he had attained the scarlet degree) four dollars per week after the first two weeks. The constitution also provided that the lodge might make, alter or amend its by-laws, and the manner of so doing was pointed out in the by-laws. July 9, 1878, the by-laws were regularly amended so as to reduce the benefits of a brother who had been sick for twelve months, to one dollar per week. The plaintiff was taken sick October 5, 1875, and continued so till the commencement of this action. He was of the scarlet degree, and entitled to receive sick benefits. He was paid four dollars a week down to July 8, 1879, and after that date one dollar a week. In an action by him to recover an additional three dollars a week:

*Held,* that as the only contract between the plaintiff and the lodge was contained in the constitution and by-laws, they should all be considered together.

That the lodge had the right to alter the by-law fixing the amount to be paid to sick members, after the plaintiff was taken sick, and that he could not recover the amount prescribed by the former one.

That the constitution and by-laws required the plaintiff to first seek redress within the society itself, and by appeal carry the question to its highest tribunal, and that until he had exhausted this remedy he had no right to bring an action against the society in this court.

*Quære,* as to whether the decision of the highest appellate tribunal of the society would be conclusive upon the plaintiff.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*James P. Sanders*, for the appellant.

*John B. Whitbeck*, for the respondent.

LEARNED, P. J. :

The plaintiff, a member of Hudson City Lodge of the Independ ent Order of Odd Fellows, sued the defendant, as treasurer of that lodge, to recover sixty-seven weeks' "benefits" as a sick member, at four dollars per week, less sixty-seven dollars, which he had received from the lodge by payments at the rate of one dollar per week. He recovered the amount claimed, and the defendant has appealed. Several important questions are presented, some of which it may be unnecessary to consider.

The facts material to the question which we examine first, are as follows : The plaintiff became a member of the lodge in 1849, and has been a member ever since. He signed the constitution and by-laws. At that time the by-laws provided that during the sick ness of a member, qualified to receive sick "benefits," he should receive (if he had attained the scarlet degree), after the first two weeks' sickness, four dollars per week. It was provided by the constitution that the lodge might make, alter or amend its by-laws. And it was provided by a by-law that the by-laws might be repealed, annulled, altered, suspended or amended in a manner therein pointed out. On the 9th day of July, 1878, the by-laws were regularly amended to the effect, "that in case a brother has been sick and drawing benefits for twelve months, the lodge shall reduce the same to one dollar per week."

The plaintiff became sick October 5, 1875, and continued to be sick till the commencement of the action. He was a scarlet mem ber and entitled to receive "benefits." The lodge had paid him four dollars per week from the commencement of his sickness up to July 8, 1879 ; that is, up to twelve months after the passing of the amendment to the by-laws. Since that time they had paid him one dollar per week, which he had received under protest. And one very important question is whether he is entitled to receive four dollars per week according to the by-laws, as they were when he joined ; or only one dollar per week, according to the by-laws as they now exist. The plaintiff claims that the amendment is void as

interfering with a vested right and impairing the obligation of a contract.

Now we must notice, in the outset, that by the amendment this plaintiff has not been put upon a different footing from that of other members. From the time the amendment took effect it gave to every sick member four dollars per week for twelve months and one dollar per week thereafter. It acted upon all alike, whether they were sick or well. The lodge did not reduce the plaintiff's " benefits " to one dollar per week from the time of the amendment. It gave to him, as by the amendment it promised to all, the four dollars per week for twelve months. If the lodge had at once reduced the amount which the plaintiff was to receive to one dollar per week, on the ground that he had already received twelve months of " benefits " at the rate of four dollars per week, then the amendment to the by-laws would have operated unequally. The plaintiff in that case, would not, from the time of the passage of that amendment, have received equal rights with other members. In this very important respect, therefore, the lodge does not claim for the amendment any retroactive effect, as was claimed by the defendants in *Coyle* v. *Father Mathew Total Abstinence Benevolent Society* (17 Week. Dig., 17), but it puts all its members in an equal position from the time of the passage of the amendment.

And at this point it may be remarked, that if the plaintiff's position be correct, it would seem to follow that, when there is a sick member of the lodge the by-law regulating " benefits " cannot be changed. For if it cannot be changed as to the sick member, then a change as to the others would be unequal in its operation and therefore could not be permitted.

The plaintiff claims that by the sickness he acquired a vested right to the rate of payment provided for by the by-laws as they then existed, and that a subsequent amendment cannot alter that rate as to him. Now we must notice that if the by-laws, as they existed when the plaintiff signed, constituted a contract that he should be paid at a certain rate in case of sickness, then that contract existed just as much before his sickness as afterwards. If the constitution and by-laws formed an unconditional contract with the plaintiff that the lodge would pay him four dollars per week in case of sickness, then, so long as the plaintiff performed his part,

the lodge could not modify its obligation, even before the sickness had occurred. To illustrate: A contract of life insurance is binding on the insurance company, although the insured be still living; and the company cannot vary or annul it (unless by virtue of some reserved right), although the time for the payment of the amount insured has not arrived. So in the present case, if the contract has the absolute character claimed by the plaintiff, it had that character before he was sick. If it cannot be modified after sickness, it would seem to follow that it cannot before. And the plaintiff must claim, in order to be consistent, that there can never be any alteration of that by-law which establishes the rate of " benefits," without the consent of all the members of the lodge.

The only contract between the plaintiff and the lodge is that which is made by the constitution and by-laws signed by him. And relying on these as the contract, he must take them all. He cannot claim the benefit of one and reject another. He cannot single out one by-law and say that this is absolute and that it cannot be amended and repealed, because the power to amend or repeal is contained in another by-law. But constitution and by-laws must be taken as a whole. And the by-law on which he relies does not of itself constitute the whole contract. That by-law was liable to be amended or repealed, and it was amended. The power to amend was as much a part of the contract, into which the lodge entered, as was the by-law under which the plaintiff claims.

As this is a question of the construction of a contract, it may be of little importance to consider the fairness and reasonableness of such a power of amendment. And yet a word or two on that point may show the propriety of the construction which we give to the contract. This society is benevolent in its design. It aids its sick members from funds arising from dues and entrance fees and the like. Now there might be such an amount of sickness as would rapidly exhaust all the funds, so that they would prove insufficient for demands upon them. It is well, therefore, that the society should retain a power of control, by which it may diminish or increase its " benefits" according to its ability. Those who are earliest taken sick have no priority over those who may be sick at a later day. They have no vested right to exclude others. Therefore it is that the society retains the right, by amending its by-laws in a legal

manner, to regulate its "benefits" as it thinks may be for the advantage of all its members.

Some cases are cited by the plaintiff in support of his views. (*Kent* v. *Quicksilver Mining Company*, 78 N. Y., 159.) If that case be examined with the reports of the cases below (reported in 12 Hun, 53, and 17 Hun, 169), it will be found that the decision does not bear on the present question. A good deal is said in the opinion; and detached sentences may be picked out favorable to the present plaintiff. But it is the decision, not the opinion, which is authoritative. The question involved was as to the right of a corporation to issue preferred stock as against the holders of common stock, when no privilege to do so had been reserved; a question quite unlike the present.

The case of *Coyle* v. *Father Mathew Society* (17 Week. Dig., 17), was a case where a society endeavored by a by-law to inflict a penalty for a past delinquency, to which the member was not liable when it took place. That is quite different from the present.

The case of *Gundlach* v. *Germania Mechanics' Association* (4 Hun, 339) is cited by plaintiff and relied upon by the learned justice. But it will be seen, by reference to the opinion, that the court held that the amendment to the articles did not attempt to affect the rights of the plaintiff. They construed the amendments as intended to apply only to the case of members who should die after its adoption. And the decision is put on that ground.

On the other hand, in *McCabe* v. *Father Mathew Society* (31 Sup. Ct. N. Y. [24 Hun], 149), it was held that such a society might suspend their by-laws granting weekly benefits. The only difference between that case and the present is that the plaintiff there fell sick after the suspension of the by-law. That is a point which we have already discussed.

In the view which we have thus presented we are of the opinion that the agreement under which the plaintiff claims was subject to be amended by virtue of the constitution and by-laws, and that the right to amend constituted a part of the contract. That the plaintiff, therefore, is not entitled to recover. (*Fugure* v. *Mut. Soc. St. Joseph*, 46 Vt., 362.)

Again, there is another very important question, viz., whether the

plaintiff has any right to bring this action until he has exhausted all remedies by appeal to the superior authorities of the society.

The by-laws of the lodge say that it shall be governed in all things not provided for in these by-laws by the constitution and general regulations of the order. Attached to the by-laws are certain rules for subordinate lodges, of which number one says that the D. D. Grand Master shall decide, in writing, all questions of law and usage properly presented to him for that purpose. Numbers four and five provide for an appeal to the Grand Lodge. Further provisions are contained in subsequent rules.

The appellant's brief contains a quotation from general regulations, article 14, section 2; but we are unable to find this in the case. It may have been assumed to be a part of the papers, although not printed; but, aside from that quotation, there is enough to show that a right of appeal from the action of the defendant lodge exists. And this, too, without referring solely to articles 7 and 8, section 7, as this last section is claimed to apply to penalties strictly so called.

But rule No. 1, above cited, seems to be broad enough to give an appeal on all questions of law and usage. And we see no reason why this should not include a question like that presented in this case.

If this be so, then it may be well said that the contract, whatever it may be on the part of the lodge, includes in itself a provision for the decision by the appellate tribunals of the society of the matter in dispute. And therefore it may be urged that, not until these appellate tribunals have decided against the plaintiff, can he say that he has been injured. In other words, it may be claimed that until they shall have decided against him it does not really appear that the defendant has refused to pay what the plaintiff demands. The plaintiff would not claim that a refusal by the treasurer, not authorized by the lodge, was a refusal by the lodge so as to justify an action. So by analogy the defendant now urges that the refusal by the lodge is not final until the remedy by appeal has been exhausted.

This doctrine is substantially recognized in *Lafond* v. *Deems* (81 N. Y., 508), and also in *White* v. *Brownell* (2 Daly 329). The case of *Tribe of Red Men* v. *Schmidt* (57 Md., 98 ; 25 Alb. L. J., 333), goes to the extent of holding the decision of the appel-

late tribunal of the society conclusive. (See, also, *Harrington* v. *Working Men's Benevolent Association*, 27 Alb. L. J., 438.)

Without discussing the question, whether or not, the decision of the highest appellate tribunal of the society is conclusive, we are of the opinion that the contract into which the plaintiff entered requires him first to seek redress within the society itself by carrying the question to the highest tribunal. For it is evident that every part of the Constitution and lawful by-laws enter into his contract and are to be considered therewith.

Judgment reversed, new trial granted, costs to abide event.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment reversed, new trial granted, costs to abide event.